PEROTTE & FRENCH v. I. J. TOLBERT, Appellant.

MECHANIC'S LIEN: COUNTERCLAIM HELD TO EQUAL THAT OF PLAINTIFF: JUDGMENT REVERSED AND GIVEN TO DEFENDANT, COSTS TO BE PAID BY HIM, EXCEPT THOSE OF NEEDLESS AMENDMENT TO ABSTRACT AND TRANSCRIPT NECESSITATED THEREBY.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

WEDNESDAY, JANUARY 31, 1894.

ACTION to recover for labor and for material used in the improvement of a dwelling house, and to foreclose a mechanic's lien thereon. Judgment was entered in favor of the plaintiffs for twenty-eight dollars and five cents, and for one half of the costs. Defendant appeals. *Reversed.*

*Shortley & Harpel* for appellant.

*Cardell & Nichols* for appellees.

GIVEN, J.—I.   Appellees denied that appellant's abstract was correct, and filed their "abstract, with corrections and additions," wherein part of the evidence is set out by questions and answers, and also the findings of the court.   Appellant denied appellees' abstract, and the denial that his abstract is not correct, and filed a transcript of evidence covering one hundred and fifty-eight pages.   Appellant moves to tax the costs of appellees' abstract and of the transcript to appellees.   The questions in the case are exclusively questions of fact, and, therefore, require that the substance of all the evidence relating to the disputed questions should be shown in the abstracts.   Our comparison of the two abstracts fails to disclose any material part of the evidence stated in appellees' abstract to have been omitted in appellant's.   Our comparison of appellant's abstract with the transcript leads us to the conclusion that the evidence is sufficiently set out therein.   Of the fourteen pages of appellees' abstract, one and one half contain the findings of the court, which are omitted from appellant's abstract.   Except as to this, appellees' abstract was unnecessary, and necessitated a filing of a transcript of the evidence.   The motion to tax costs of the transcript and of the additional abstract to appellees is sustained, except as to said one and one half pages of said abstract.

II.   These parties entered into a contract in writing as follows: "That the said Perotte & French are to build and complete as follows: One story, to be built new on all the old house, of seven feet; also, a new addition, twelve by eighteen, all complete; a foundation under all the house, including all plastering and painting and new work.   The said Perotte & French are to furnish all materials and complete all the work

for the sum of six hundred and thirty-one dollars, to be paid as follows: Sufficient money to be paid each week to pay labor. The balance to be paid when job is completed. And, also, one new porch to be built, included in said job. We are to furnish the labor to put in three registers.'' Plaintiffs ask to recover one hundred and forty-six dollars and twenty-five cents for thirteen items of extra work and materials, in addition to that called for by the written contract. Defendant admits the written contract, and that he subsequently agreed to pay forty-one dollars and sixty-five cents for six extra windows. He contends that the other items claimed as extras are included in the written contract. He asks to recover six hundred and eighteen dollars and forty-five cents damages by way of counterclaim for defective workmanship and materials in fifteen particulars set out. It is not required, nor would it be proper, that we should consume space in stating or discussing the evidence as to each of these numerous items. The lower court allowed plaintiffs, on their claim, forty-one dollars and sixty-five cents for extra windows, as admitted; fifteen dollars and ninety cents for painting old building; one dollar and fifty cents, shelving closet; eight dollars, extra work on porch; and one dollar for putting in thresholds and repairing locks; making in all sixty-eight dollars and five cents. Plaintiffs asked fifty-two dollars and fifty cents for the painting, but the evidence shows that, while the material was good, it was poorly put on. Under the evidence, fifteen dollars and ninety cents was the reasonable value of the painting. We are in no doubt of plaintiffs' right to recover the amount found as to these items, except one dollar and fifty cents for shelving closet. This closet, we understand, was in the new part, which plaintiffs were to build, and, therefore, included in the written contract. The other items of plaintiffs' claim are clearly covered by the contract, and should not be allowed as extras. Sixty-six dollars and fifty-five cents is all that should be allowed to plaintiffs on their claim. Defendant's complaint as to the material and workmanship is certainly not without reason. The materials were not as good as required, in one or two particulars, and the workmanship defective in many more. It is true the work was in reconstructing and adding to an old house, the construction of which accounts for many of the matters complained of, and for which plaintiffs are not accountable. It was certainly not contemplated by the parties that the house, when reconstructed, would be as perfect as an entirely new building. The evidence clearly shows that the new rooms were not square, the new walls were not plumb, and the upper floors were shaky, for want of sufficient joists. These defects are not attributable to the fact that it was an old house. Ordinary skill and care in the workmanship would have avoided these defects, in part at least, and especially as to the upper floor. Plaintiffs contracted to put on another story. This included the floor. And they were required to put in joists in sufficient number and of sufficient size, which they did not do. These defects are difficult to remedy, and affect the value and usefulness of the house. It is true, as said by the learned judge who tried the case, that ''it is not an easy task to say just what sum will fully compensate him for these defects.'' The lower court allowed the defendant forty dol-

lars on his counterclaim. The evidence seems to us to entitle him to a larger sum. Had that house, old as it was, been reconstructed with suitable materials, and in a workmanlike manner, it would surely be worth more than forty dollars over what it was worth as left by the plaintiffs. It is clear that forty dollars would not remedy the defects. Our conclusion is that defendant should be allowed sixty-six dollars and fifty-five cents on his counterclaim, and judgment against the plaintiffs; costs, except as herein ordered, to be taxed to the defendant. REVERSED.